BLAKE EDWARD ANDREWS
v.
WALTER McCANN & VICTORIA DRIVE COMMERCIAL COMPLEX.
No. 2007 CA 1709.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION
BLAKE E. ANDREWS, Plaintiff/Appellant, In Proper Person.
WALTER L. McCANN, Defendant/Appellee, In Proper Person.
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Blake Edward Andrews appeals a district court judgment in which the trial court dismissed his action for damages for wrongful eviction against Walter McCann and Victoria Drive Commercial Complex (collectively, "McCann"). For the following reasons, we affirm the judgment.
Walter McCann obtained a judgment of eviction against Andrews from the Baton Rouge City Court on February 4, 2002, ordering Andrews to vacate the premises at 3846 Victoria Drive, Baton Rouge, LA. The City Court also ordered that if the premises were not vacated within 24 hours, Andrews was to be ejected and possession was to be returned to McCann. After due delays, McCann had Andrews' printing equipment placed on the street, where it was cannibalized and stolen.
Andrews complains on appeal that he was not given proper notice pursuant to La. C.C.P. art. 4703 of the notice to vacate and eviction suit when notice was posted at the premises rather than served on him at his home after he was locked out of the premises. Art. 4703 provides as follows:
If the premises are abandoned or closed, or if the whereabouts of the lessee or occupant is unknown, all notices, process, pleadings, and orders required to be delivered or served on the lessee or occupant under this Title may be attached to a door of the premises, and this shall have the same effect as delivery to, or personal service on, the lessee or occupant. (Emphasis added.)
It is undisputed that Andrews' whereabouts were known at all times. And he asserts that he had neither abandoned nor closed the premises at the time of the eviction. Rather, he and his ex-wife testified that McCann had chained and padlocked the door the previous November, effecting a non-judicial eviction and preventing him from doing business,
Conversely, McCann testified that he never chained the door to the premises until the eviction was taking place and that he did so to protect the property from being removed prior to "the actual move by the law."
Additionally, Andrews' ex-wife indicated that the site was without electricity after McCann chained the door to the property. McCann argues that the power was turned off in late November 2001, long before access to the property was denied.
The trial court concluded that McCann had minimally complied with the law by posting the notice to vacate and notice of eviction at the site. And while the evidence is contradictory, evidence in the record supports the trial court's implicit finding that the property had been closed or abandoned when McCann posted the notice to vacate and sought the eviction. "[W]here two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State, Through Dept. of Transp. and Deli., 617 So.2d 880, 882 (La. 1993). Therefore, the trial court was not manifestly erroneous in this regard.
Finding no merit in Andrews' assignments of error, we affirm the judgment of the trial court. We issue this memorandum opinion in accordance with URCA Rule 2-16.1.B. Costs of this appeal are assessed to Blake Edward Andrews.
AFFIRMED.
PARRO, J., concurring.
I concur in the result in this case, but I believe the district court's judgment should have been affirmed as a matter of law, rather than by reviewing the factual evidence underlying the Baton Rouge City Court's judgment of eviction. The gist of Andrews' complaint is that the eviction judgment was wrongfully obtained by McCann and wrongfully granted by the City Court, because McCann did not provide his home address for service of process, but provided only the address of the leased building that Andrews was no longer using. Because of this, Andrews claims he did not get proper notice of the eviction proceedings and is entitled to damages from McCann for the loss of his movable property. However, Andrews did not appeal the eviction judgment and did not bring an action to nullify it. Therefore, this matter appears to be a collateral attack on that judgment. A "collateral attack" is an attempt to impeach the decree from one proceeding in another proceeding not instituted for the express purpose of annulling such decree. Smith v. LeBlanc, 06-0041 (La. App. 1st Cir. 8/15/07), 966 So.2d 66, 71; Lowman v. Merrick, 06-0921 (La. App, 1st Cir. 3/23/07), 960 So.2d 84, 90. A judgment rendered by a court of competent jurisdiction imparts absolute verity and has the force of things adjudged, unless and until it is set aside in a direct action of nullity. It cannot be collaterally attacked. Lowman, 960 So.2d at 90.
For these reasons, I respectfully concur in the result.